THE COLUMBIA SAVINGS BANK, Appellant, v.
KINGSBURRY BROTHERS et al., Respondents.

**Kansas City Court of Appeals, April 2, 1900.**

1. **Fraud: ATTEMPTED SALE: CIRCUMSTANTIAL EVIDENCE:
   CONJECTURE.** The evidence in this case is examined and held in-
   sufficient to support a charge that an attempted sale was a sham and
   a ruse arranged to defraud plaintiff, since mere conjecture will not
   suffice to establish fraud though it is most frequently established by
   circumstantial evidence and direct testimony is not necessary.

Appeal from the Boone Circuit Court.—*Hon. J. A.
Hockaday,* Judge.

AFFIRMED.

*W. M. Williams* and *C. B. Sebastian* for appellant.

No brief returned to reporter.

*Sam C. Major* for respondent, Kingsbury.

(1) The court was correct in sustaining the defend-
ants' demurrer to the evidence. There was no testimony
tending to prove plaintiff's case. The plaintiff wholly failed
to substantiate the allegations of fraud contained in its peti-
tion. (2) While fraud may be proved by circumstances,
and express and positive proof is not required, yet mere sus-
picion leading to uncertain results is not sufficient to estab-
lish it. Waddingham v. Loker, 44 Mo. 132; Priest v. Way,
87 Mo. 16; Crow v. Andrews, 24 Mo. App. 160; Ridge v.
Greenwell, 53 Mo. App. 479; Sibly v. Hood, 3 Mo. 290; Ber-
necker v. Miller, 44 Mo. 102; Garesche v. McDonald, 103
Mo. 1; Gordon v. Ismay, 55 Mo. App. 323; Robinson v.
Dryden, 118 Mo. 534; Page v. Dixon, 59 Mo. 43; Nelson

Distilling Co. v. Lock, 59 Mo. App. 637. (3) There should be tangible and substantial facts in evidence tending to prove the issue of fraud to authorize the court to submit it to the jury. Funkhouser v. Lay, 78 Mo. 458; Thrasher v. Greene County, 105 Mo. 244; Martin v. Estes, 132 Mo. 402; Warren v. Ritchie, 128 Mo. 311; Chandler v. Fleeman, 50 Mo. 239.

*Turner & Hinton* for the respondent, I. V. Evans.

(1) Fraud, like any other ultimate fact, may be established by circumstantial evidence as well as by direct proof. But it is equally true that fraud will not be presumed. It must always be proved either by direct or circumstantial evidence. Waddingham v. Loker, 44 Mo. 132; Priest v. Way, 87 Mo. 16; Ridge v. Greenwell, 53 Mo. App. 479. (2) And where it is sought to establish fraud by circumstantial evidence, the circumstances must be inconsistent with honesty and fair dealing. Funkhauser v. Lay, 78 Mo. 458; Garesche v. McDonald, 103 Mo. 1; Robinson v. Dryden, 118 Mo. 534; Ridge v. Greenwell, 53 Mo. App. 479.

ELLISON, J.—From the statements of the respective parties we gather that the defendant Evans was engaged in buying and shipping cattle and hogs. To facilitate his business he had an arrangement with a stock commission firm in St. Louis that they would pay his drafts representing the purchase of stock when stock was billed to them on shipment. The drafts were to be deposited with plaintiff bank and plaintiff was to honor his checks to farmers for purchase price. About the first of November, 1896, Evans bought a carload of hogs of his co-defendants, Kingsburry Bros., and contracted for another carload with two carloads of cattle to be delivered about the middle of the month, the first car load of hogs to

be paid for when the last delivery was made. Afterwards, the second delivery was placed in the shipping pens at Estill station in Howard county by defendants Kingsburry, Evans giving them three checks for purchase price; one for $500 on a bank in Fayette, one for $1,193 and one for $1,170 on the plaintiff bank at Columbia. The latter is the one in this controversy. But the Kingsburrys refused to deliver over the cattle for shipment until they could learn that these checks would be paid. It was ascertained that the $1,170 check was paid. But that the others would not be. The Kingsburrys refused to deliver the cattle, and after having waited all day in order to ascertain the outcome of the checks they either drove them back home or shipped them out themselves to another destination—the record is not clear as to this. The $1,170 check was cashed by the Kingsburrys at a bank nearby at New Franklin, which latter bank was induced to cash it by telegram from plaintiff that it would be paid by it. The Kingsburrys applied the proceeds to the payment of the first carload of hogs aforesaid, which left the sum of $465 in their hands due Evans, and which they afterwards offered to pay to whoever was entitled to it. Plaintiff bank refused afterwards to pay the New Franklin bank, but upon a suit by the latter in which judgment was obtained, it did pay the amount of the check. After such payment it instituted the present action against defendants for the amount of the check so paid to the New Franklin bank, less $570.38, which was on deposit with it by Evans and which it applied as a credit.

The ground of the present action is that there was in reality no sale of the two cars of cattle and one of hogs. That the whole matter of sale and driving stock to pens at Estill shipping station was a sham and a ruse arranged between defendant Evans and defendants Kingsburrys for the fraudulent purpose of entrapping plaintiff into the payment of the check by so arranging appearances as to a sale and prepara-

tion for shipment of the cattle that it would deceive plaintiff and induce it to pay the check.

The court sustained a demurrer to plaintiff's evidence and entered judgment for the defendants.

The action of the court was undoubtedly right. The evidence in plaintiff's behalf establishes no more than is set forth above as a statement of the case. There is other evidence which may be considered as formal or introductory and which goes to show or explain the connection plaintiff had with the commission house in St. Louis, with the agent. for such house and with defendant Evans. There is nothing however which in the least tends to sustain the charge in the petition and which is the foundation of the action.

The law of this and similar cases is understood alike by the counsel for the respective parties. That is, that to establish fraud there need not be direct and affirmative proof; circumstances being considered as a frequent and effective way to sustain a charge of that nature. But that mere conjecture, without something of substance upon which to base such conjecture is worthless in and of itself to condemn one under such an accusation. It is in recognition of these rules that we have examined this record. There is not the slightest connection between the acts of the Kingsburrys in placing the stock in the shipping pens for shipment on payment of purchase price, and the charge that all this was done in furtherance of a preconcerted scheme to cheat plaintiff out of the amount of the check aforesaid.

The judgment is affirmed. *Smith, P. J.,* concurs; *Gill, J.,* absent.